UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREEMAN JONES,

        Petitioner,        Case Number: 2:10-CV-14191

v.        HONORABLE AVERN COHN

JEFFREY WOODS,

        Respondent.
_____/

**MEMORANDUM AND ORDER
DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

**I. Introduction**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Freeman Jones (Petitioner) is a state inmate at the Macomb Correctional Facility in New Haven, Michigan. Petitioner filed a *pro se* petition for a writ of habeas corpus challenging his convictions for possession with intent to deliver less than 50 grams of cocaine, felon in possession of a firearm, and two counts of felony-firearm. Respondent, through the Attorney General's office, filed a response, arguing that Petitioner's claims are without merit. For the reasons which follow, the petition will be denied.

**II. Background**

**A. Facts**

The Michigan Court of Appeals summarized the facts underlying Petitioner's convictions as follows:

Defendant's convictions arise from the February 5, 2008, execution of a

search warrant at an apartment in Pontiac where defendant lived with his girlfriend, Mary Amerson. The search warrant was issued after Detective Jeff Lewis, an officer with the Oakland County Narcotics Enforcement Team ("NET"), submitted an affidavit recounting an informant's controlled buy from defendant.[] In addition to searching the apartment, officers searched a van in which defendant and Amerson arrived while the warrant was being executed.

Officers discovered Amerson's purse on the floorboard of the van, near the driver's door. The purse contained a digital scale and packages of crack cocaine wrapped in "corner ties," *i.e.* the corners of plastic baggies that had been tied closed. Inside the apartment, officers found a crack pipe, a digital scale, a box of plastic baggies, and a Rally's bag containing $1,030 in cash. These items were all found in a dresser drawer in a bedroom. A fully loaded semiautomatic handgun was found in the bottom drawer of the same dresser. The dresser contained men's clothing in defendant's size. A prescription bottle with defendant's name and address was on top of the dresser. The bedroom also contained men's and women's clothing that matched defendant's and Amerson's sizes, and mail addressed to Amerson.

*People v. Jones*, No. 287183, 2010 WL 99006, *1 (Mich. Ct. App. Jan. 12, 2010).

## B.  Procedural History

Petitioner was convicted by a jury in Oakland County Circuit Court of possession with intent to deliver less than 50 grams of cocaine, felon in possession of a firearm, and two counts of possession of a firearm during the commission of a felony. On July 17, 2008, he was sentenced to two concurrent terms of two to thirty years' imprisonment for the cocaine and felon-in-possession convictions, to be served consecutively to two concurrent two-year terms of imprisonment for the felony-firearm convictions.

Petitioner filed an appeal of right in the Michigan Court of Appeals. He raised these claims:

I.  The prosecution's elicitation of impermissible drug profile testimony denied Mr. Jones his constitutional right to a fair trial.

II.  The trial court erred in not granting a new trial when the prosecutor's

>
> expert witness testified directly to the defendant's guilt.

> III. Defense counsel's failure to object to the drug profile testimony constituted ineffective assistance of counsel.

> IV. Defendant's simultaneous conviction under the felon in possession of firearm statute and felony firearm statute violated Mr. Jones Fifth Amendment protection against double jeopardy.

The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Jones*, No. 287183, 2010 WL 99006 (Mich. Ct. App. Jan. 12, 2010).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. He raises the same claims raised on direct appeal. The Michigan Supreme Court denied leave to appeal. *People v. Jones*, 487 Mich. 853 (Mich. July 26, 2010).

Petitioner then filed the pending habeas petition. He raises these claims:

> I. Defense counsel's failure to object to the drug profile testimony constituted ineffective assistance of counsel.

> II. Defendant's simultaneous conviction under the felon in possession of a firearm statute and felony firearm statute violated Petitioner's 5th Amendment protection against double jeopardy.[1]

### III. Standard of Review

Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[1] Respondent says that the petition also raises two additional claims–whether the prosecutor's use of drug profile evidence denied Petitioner a fair trial and whether Petitioner should have been granted a new trial because the prosecutor's expert testified directly to Petitioner's guilt. The petition, however, clearly raises only the two claims listed and the Court addresses only these claims.

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. A state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding[.]" *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (citations omitted).

Recently, the Untied States Supreme Court held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, --- U.S. ---, ---, 131 S.Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). Section 2254(d) does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, but rather, it preserves the authority for a

4

federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "[s]ection 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, --- U.S. at ---, 131 S.Ct. at 786-87.

Lastly, a federal habeas court must presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV. Analysis

### A. Ineffective Assistance of Counsel

Petitioner claims that his trial attorney was ineffective in failing to object to the admission of improper drug profile evidence from Detective Lewis. Detective Lewis testified as an expert on narcotics trafficking. He testified how the items found in the dresser drawer related to drug trafficking. For example, Detective Lewis testified that plastic baggies were used by drug dealers to store pieces of crack cocaine that were broken or cut off a larger rock of crack cocaine, so that they could be sold in smaller

5

quantities. He contrasted this practice with that employed by drug users, who typically purchase drugs in smaller amounts for immediate use and, therefore, have no need to store the drugs in baggies. Detective Lewis also listed the items generally needed by a crack-cocaine dealer: the controlled substance, baggies or something similar for packaging, some type of protection (such as a firearm), and a scale.

To establish that he received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 689. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687.

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court's review of counsel's performance must be "highly deferential." *Id.* at 689. Habeas relief may be granted only if the state-court decision unreasonably applied the standard for evaluating ineffective-assistance-of-counsel claims established by *Strickland*. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Id.* at

123 (internal quotation omitted).

The Michigan Court of Appeals held that counsel was not ineffective because, even assuming that counsel should have objected to Detective Lewis's testimony, Petitioner could not establish he was prejudiced by this failure. The Michigan Court of Appeals first discussed the admissibility of drug profile evidence, noting that Michigan law does not allow the admission of drug profile evidence as substantive evidence of a defendant's guilt. But, such evidence may be used "to aid the jury in intelligently understanding the evidence in controlled substance cases and 'to explain the significance of items seized and the circumstances obtaining during the investigation of criminal activity,'" and, the prosecutor must offer non-profile evidence to prove the defendant's guilt. *Jones,* 2010 WL 99006 at *3, (quoting *People v. Murray*, 234 Mich. App. 46, 52-53 (Mich. 1999)). The court of appeals went on to note that the trial court did not strictly adhere to the dictate that the evidence be used only to show background or modus operandi and not as substantive evidence of guilt because "Detective Lewis's testimony regarding the items in the bedroom was so intertwined with his explanation for why those items were indicative of drug dealing." *Id.* Detective Lewis "implicitly expressed his opinion that, based on the usual reasons for possessing the combination of items found in the bedroom dresser, the drugs found in Amerson's purse were intended for sale." *Id.* Nevertheless, the Michigan Court of Appeals held that Petitioner's substantial rights were not implicated, reasoning:

> The purpose of drug profile testimony is to explain how otherwise innocuous characteristics are indicative of drug dealing. The danger of the evidence is that such characteristics "may not necessarily be connected to or inherently part of the drug trade, so that these characteristics could apply equally to innocent individuals as well as to

> drug dealers." *Murray, supra* at 53. Detective Lewis's drug profile testimony did not materially encroach on these dangers. We are satisfied that even if Detective Lewis's drug profile testimony had been properly restricted and the trial court had given appropriate cautionary instructions, the evidence would still have firmly established defendant's involvement in drug dealing. The storage of a scale and plastic baggies in a location where there were no other non-drug related items present to measure or wrap, the concealment of a large quantity of cash, and a loaded gun all showed defendant's intent and connection to the supply of drugs in Amerson's purse. We are satisfied that Detective Lewis's testimony, to the extent it may have exceeded permissible limitations on drug profile evidence, was not outcome determinative.

*Id.* Thus, the court of appeals ultimately concluded that Petitioner could not establish that he was prejudiced by his attorney's failure to object to the scope of the drug profile evidence.

The Court agrees that the drug profile testimony was a limited portion of the prosecution's case. Even if the drug profile evidence had been objected to and excluded, there was no reasonable probability the jury would have reached a different result. Therefore, Petitioner has failed to show that the state court's decision was contrary to or an unreasonable application of *Strickland*. Habeas relief is not warranted on this claim.

## B. Double Jeopardy

In his second habeas claim, Petitioner argues that his convictions for felon in possession of a firearm and felony-firearm violate his constitutional protection against double jeopardy.

The Double Jeopardy Clause of the Fifth Amendment provides, "No person . . . shall . . . be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. This clause affords defendants protection against three basic harms:

second prosecution for the same offense after acquittal, second prosecution for the same offense after conviction, and multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977). "Because the substantive power to prescribe crimes and determine punishments is vested with the legislature . . . , the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent." *Ohio v. Johnson*, 467 U.S. 493, 499 (1984). "Where . . . a legislature specifically authorizes cumulative punishment under two statutes for the same conduct, regardless of whether those two statutes prescribe the 'same' conduct, . . . a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." *Missouri v. Hunter*, 459 U.S. 359, 368-69 (1983). Further, where the same actions may constitute an offense under two separate statutes and may be prosecuted separately under each statute, successive prosecution does not violate double jeopardy so long as the statutes do not define a single offense. *Blockburger v. Unites States*, 284 U.S. 299, 304 (1932). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Id.* Under the *Blockburger* test, if each offense contains a different element, no double jeopardy violation arises. *Brown v. Ohio*, 432 U.S. 161, 166 (1977). In determining whether the Michigan legislature intended to authorize cumulative punishments in the circumstances presented here, a federal court is "bound by a state court's determination of the legislature's intent." *Banner v. Davis,* 886 F.2d 777, 779-80 (6th Cir. 1989); *see also McCloud v. Deppisch*, 409 F.3d 869, 874 (7th Cir.

9

2005) (holding that a federal court is "bound by" state court's interpretation of legislative intent).

Petitioner's double jeopardy argument fails because the Michigan Supreme Court has definitively held that the Michigan legislature intended cumulative punishments for conviction for felon in possession of a firearm and felony firearm, when the felony-firearm conviction is premised on the felony of being a felon in possession of a firearm. *People v. Calloway*, 469 Mich. 448, 671 N.W.2d 733 (2003). As noted above, this determination as to the intent of the Michigan legislature is dispositive. Because the Michigan legislature, as found by Michigan courts, intended for there to be cumulative punishments for felon in possession of a firearm and felony firearm predicated on the single act of possessing a firearm while committing the felony of being a felon in possession of a firearm, Petitioner's convictions and sentences for both felon in possession of a firearm and felony firearm do not violate the double jeopardy clause. *See White v. Howes*, 586 F.3d 1025 (2009) (holding that cumulative punishments for Michigan convictions for felon in possession of a firearm and possession of firearm during the commission of a felony did not violate double jeopardy). Petitioner is therefore not entitled to habeas relief on this claim.

## V. Conclusion

For the reasons stated above, Petitioner's petition for a writ of habeas corpus is DENIED. Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore DECLINES to issue a certificate of appealability under 28

U.S.C. § 2253(c)(2).[2]  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This case is DISMISSED.

SO ORDERED.

          S/Avern Cohn
          AVERN COHN
          UNITED STATES DISTRICT JUDGE

Dated:  October 3, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 3, 2012, by electronic and/or ordinary mail.

          S/Julie Owens
          Case Manager, (313) 234-5160

---

[2]"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.